**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5481-13T4
     A-3416-14T4
     A-4070-14T4

ISABELLA BLUMBERG,

 Plaintiff-Respondent,

v.

GIRSH BLUMBERG,

 Defendant-Appellant.

_____

Argued March 16, 2017 — Decided May 23, 2017

Before Judges Alvarez, Accurso and Manahan.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Union County,
Docket No. FM-20-1243-10.

Girsh Blumberg, appellant, argued the cause
pro se.

Isabella Blumberg, respondent, argued the
cause pro se.

PER CURIAM

In these three appeals, calendared back-to-back and

consolidated for purpose of this opinion, defendant Girsh Blumberg

challenges a series of post-judgment orders entered by the Family Part. We affirm.

In A-3416-14, defendant appeals from three post-judgment orders. The first order, filed in October 2014, denied his order to show cause (OTSC) and converted it to a motion. The second order, filed in January 2015, denied his motion to emancipate the parties' daughter, enforce litigant's rights, void the sale of the former marital home, stay all garnishment orders and directed defendant to remove his personal belongings from plaintiff's storage unit. An order entered in February 2015, denied defendant reconsideration of the January 2015 order and granted plaintiff's cross-motion to enforce litigant's rights and appointed plaintiff attorney-in-fact for defendant to effectuate equitable distribution under the Judgment of Divorce (JOD).

In A-4070-14, defendant appeals from two orders entered on March 24, 2015, which approved two Qualified Domestic Relations Orders (QDROs) submitted by plaintiff.

In A-5481-13, defendant appeals from certain provisions of four post-judgment orders. The first order, entered on May 14, 2014, reinstated and readjusted defendant's pendente lite arrears in the amount of $25,706, vacated a provision in an earlier order that held plaintiff in violation of litigant's rights for failing to pay the children's health insurance premiums, and denied

defendant's motion in its entirety. The second order, entered on May 30, 2014, directed that all of defendant's retirement accounts remain frozen. The third order, entered on June 16, 2014, denied without prejudice defendant's request to vacate the May 30, 2014 restraints. The fourth order entered on July 18, 2014, denied defendant's motion, for among other things: (1) reconsideration of the May 14, 2014 order; (2) custody modification; and (3) enforcement of litigant's rights.

This is defendant's third, fourth and fifth appeals. On defendant's first two appeals, we affirmed the parties' JOD, but remanded for a recalculation of child support for the parties' daughter. Blumberg v. Blumberg, Nos. A-5405-12 and A-1040-13 (App. Div. Aug. 24, 2015), certifs. denied, 224 N.J. 281 (2016) (slip op. at 2) (Blumberg I). We also affirmed two post-judgment orders entered in August 2013 that appointed plaintiff as defendant's attorney-in-fact to effectuate property distribution, found defendant in violation of litigant's rights, and denied defendant's request for a stay pending appeal. Id. at 21, 37.

In his appeals, defendant challenges, among other arguments, the adequacy of the findings in contending that the judge failed to consider the evidence he submitted. The crux of defendant's arguments focuses on the sale of the former marital home, which he alleges was unauthorized and improperly upheld by the judge.

In addition, he contends the judge erred in denying his application for emancipation of the parties' daughter and reconsideration. Defendant further contends that the orders were entered "on an impermissible basis and lack any jurisdiction."[1]

We summarize the following facts and procedural history relevant to our determination. At the time of the divorce in 2013, the parties' children were ages twenty and seventeen. The JOD ordered, in relevant part, equitable distribution of marital assets including bank and retirement accounts, defendant to pay child support and alimony, and designated plaintiff power of attorney to effectuate the distribution and transfer of marital assets, and that each party was responsible for paying for the preparation of QDROs. In addition, defendant was ordered to provide "an updated accounting of all bills paid for the marital home . . . and upon receipt," there would be a recalculation of his pendente lite arrears. Further, the parties were granted joint legal custody of the parties' daughter with plaintiff granted sole physical custody.

Defendant filed a notice of appeal challenging the JOD and several pre-judgment orders. After additional motion practice,

---

[1] In total, defendant raises thirty-one arguments over the three appeals.

A-5481-13T4

two post-judgment orders were entered in August 2013 from which defendant filed a second notice of appeal. Blumberg I.

In the interim, further issues emerged between the parties regarding their obligations under the JOD. This prompted another series of post-judgment applications and appeals by defendant. We recite those applications for context and clarity.

In 2014, defendant learned that plaintiff contracted to sell the former marital home. In response, defendant filed an OTSC to prevent the sale of the home. In addition, defendant requested to void the real estate transaction, direct that his mortgagee hold the release of the note and lien, enforce litigant's rights and emancipate the parties' daughter. Plaintiff was not served in accordance with court rules. A Family Part judge determined that the OTSC was non-emergent and converted it to a motion.

Defendant thereafter filed two emergent applications with this court. This court denied defendant emergent relief on both motions reasoning that they were non-emergent. Defendant sought emergent relief from the Supreme Court, which was denied.

The OTSC, now converted to a motion, was heard on January 9, 2015. Subsequent to oral argument, defendant's motion as to all relief sought was denied. The judge held that plaintiff "was clearly within her rights, pursuant to the judgment of divorce, to sell the former marital residence, as she had complete ownership

of it based on the final judgment of divorce." Defendant was ordered to remove his personal belongings from plaintiff's storage unit, which she rented to store his items following the sale of the home.

The judge also denied without prejudice defendant's request that his support obligation terminate based upon his daughter's emancipation. Plaintiff was ordered to furnish defendant with documents attesting to the daughter's full-time college enrollment. In addressing defendant's motion, the judge informed defendant that, while a request to modify child support due to the daughter's attendance at college away from home was appropriate, it was not properly before the court since a child support modification was not requested in his motion. The judge also informed defendant he had the right to subpoena the third-party institutions and could do so if he wished. Addressing defendant's retirement accounts, the judge concluded that defendant's history of moving assets necessitated the freezing of the accounts and thus declined to unfreeze them. Lastly, the judge denied a stay of the garnishment orders, finding that defendant was required to pay his support arrears. An accompanying order memorializing the decision was entered the same day.

Defendant moved for reconsideration and other relief on January 26, 2015. Defendant sought modification of his support

A-5481-13T4

obligations, enforcement of litigant's rights, and renewed his application for emancipation. Defendant alleged that plaintiff failed to provide documentation of their daughter's college enrollment as ordered and failed to reimburse him for his portion of the children's health insurance premiums. Defendant also sought the disqualification of the judge on grounds of bias and lack of impartiality. Plaintiff opposed the motion and filed a cross-motion, seeking to enforce certain provisions of the JOD and hold defendant in violation of litigant's rights for failing to remove his belongings from her storage unit. With respect to the JOD, plaintiff sought to effectuate the distribution of marital assets under her power of attorney designation and QDRO approval.

The motion and cross-motion were decided on the papers. The judge denied defendant's reconsideration motion and granted in part plaintiff's cross-motion. The judge appointed plaintiff attorney-in-fact for defendant "to effectuate the equitable distribution granted in the [JOD]" and ordered her to "resubmit to the court the [QDRO] prepared by [d]efendant's TIAA-CREF[2] annuities and Alcatel Lucent 401K plan." In the statement of reasons that accompanied the order, the judge held that defendant

---

[2] TIAA-CREF is the Teachers Insurance and Annuity Association-College Retirement Equities Fund and is a financial service organization that manages the retirement funds for people who work in the academic, research, medical and cultural fields.

failed to submit "any information in support of his application for reconsideration that would warrant a reconsideration," and thus, failed to meet his burden in accordance with Rule 4:49-2. The judge granted plaintiff's cross-motion to enforce certain provisions of the JOD and found defendant in violation of litigant's right for failing to remove his personal property from her storage unit. The judge further denied with prejudice, plaintiff's motion for $739.48 for the removal of defendant's property. Defendant filed an appeal (A-3416-14).

After the appeal was filed, plaintiff submitted two QDROs for judicial approval. On March 24, 2015, both QDRO orders were entered. Defendant filed an appeal (A-4070-14).

In early 2014, plaintiff moved to vacate certain provisions of a previously issued order. That order had, in relevant part, credited $25,706.18 to defendant's pendente lite arrears after he presented an accounting of payments made toward the marital home as provided in the JOD, and had held plaintiff in violation of litigant's right for failing to pay defendant her portion of the children's health insurance premiums. Defendant opposed the motion and filed a cross-motion to vacate the JOD, his support obligations and arrears.

The judge found defendant "incredible in this particular matter." Relying on plaintiff's proofs, the judge found defendant

was unable to account for the nearly $32,000 once held in a bank account that was subject to equitable distribution. The judge noted that defendant closed that account without one-half distribution to plaintiff. Instead, defendant opened a new account and deposited half of the money. Plaintiff had no knowledge of or access to the new account. Given what transpired, the judge reinstated defendant's arrears and ordered that his probation account be adjusted accordingly.

In addition, the judge found plaintiff sent her portion of the children's health insurance premiums to defendant by certified mail and defendant had failed to claim his mail. The judge denied defendant's cross-motion in its entirety upon finding that most of defendant's relief was either on appeal or had been previously addressed. An order memorializing the findings and determinations was entered on May 9, 2014.

Later that month, plaintiff filed an OTSC to prohibit defendant from "withdrawing or transferring funds" from his Alcatel Lucent 401K plan and his TIAA-CREF retirement account and to direct the banks to freeze the accounts until a "QDRO meets qualification status." In an order entered on May 30, 2014, the judge converted plaintiff's application to a motion returnable June 27, 2014, and ordered that all of defendant's retirement accounts "remain frozen."

A-5481-13T4

Thereafter, defendant filed a motion to: (1) reconsider and vacate certain provisions of the May 14, 2014 order; (2) find plaintiff in violation of certain provisions of the JOD; (3) modify the custody arrangement; (4) void the Declaration of Deed to the former marital property; (5) grant him unrestricted access to the former marital home and to his personal effects located therein; (6) compel plaintiff to reimburse him for damages to his personal property and to the former marital home; (7) compel plaintiff to reimburse him $26,044.93 for payments toward the marital home "in the nature of house occupancy and rent since October 2012"; (8) credit $26,044.93 to his probation account and vacate all arrears; (9) amend or vacate his child support and alimony obligations; (10) compel plaintiff to reimburse him $13,205 for overpayment of child support; (11) amend or vacate the income withholding order, and require plaintiff to reimburse him $61,939 for the 12 months of improperly withheld income; (12) vacate the FJOD; (13) stay custody, garnishment and withholding orders.

Plaintiff opposed the motion and filed a cross-motion to: (1) reinstate defendant's $200 per week payment obligation under the JOD for his failure to pay in full the pendente lite relief; (2) approve the QDRO; and (3) reduce her contribution to the children's health insurance premiums.

On June 12, 2014, defendant moved to vacate the May 30, 2014 restraints. Plaintiff did not respond. The judge determined that defendant's application should be addressed at the scheduled June 27 return date, and accordingly denied without prejudice defendant's request.

The matters were heard on July 18, 2014. Defendant's motion for reconsideration was denied after a finding that defendant reiterated the same arguments that were previously raised and addressed. The judge also determined that there was no substantial change in circumstances to warrant a transfer of custody. The judge further found that defendant failed to prove his allegation of parental alienation of the parties' daughter, and concluded that no judicial decree could compel the daughter, an incoming college freshman, to see her father.

Defendant was denied unrestricted access and ownership to the former marital home, but was offered the opportunity to retrieve his items from the home. The judge denied defendant's application for reimbursement and credit of payments made toward the marital home and a stay of custody, garnishment and withholding orders, concluding that these items had already been addressed and previously denied. The judge declined to address defendant's motion to amend or vacate child support and alimony, modify income withholding, and provide reimbursement of payments made concluding

11

that the court was without jurisdiction to decide the application while defendant's appeal was pending.

Concerning plaintiff's cross-motion, the judge reinstated defendant's $200 per week payment for his failure to pay in full his pendente lite support as provided in the JOD. The judge also granted plaintiff's application to reduce her contribution to the children's health insurance premiums, finding that each parties' contribution had been incorrectly calculated. Upon recalculation, plaintiff's contribution was adjusted to $119.03. Defendant's retirement accounts were frozen until a QDRO met qualification status. Defendant was also prohibited from withdrawing or transferring funds from certain retirement accounts. A confirming order was entered on July 18, 2014. Defendant filed an appeal (A-5481-13).

We accord special deference to the family court because of its "special jurisdiction and expertise in family matters." Id. at 413. Absent compelling circumstances, we are not free to substitute our judgment for that of the trial court, which has become familiar with the case. Schwartz v. Schwartz, 68 N.J. Super. 223, 232 (App. Div.), certif. denied, 36 N.J. 143 (1961). However, the "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v.

12                                              A-5481-13T4

Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "Accordingly, when a reviewing court concludes there is satisfactory evidentiary support for the trial court's findings, 'its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal.'" Llewelyn v. Shewchuk, 440 N.J. Super. 207, 213-14 (App. Div. 2015) (quoting Beck v. Beck, 86 N.J. 480, 496 (1981)).

Reconsideration should only be used "for those cases which fall into that narrow corridor in which either (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Additionally, the decision to deny a motion for reconsideration falls within the sound discretion of the trial judge, to be exercised in the interest of justice. Ibid.

Having considered the voluminous record before us and in application of our standard of review, we conclude that defendant's

arguments lack merit such as to require discussion in a written opinion.  R. 2:11-3(e)(1)(E).[3]

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Our decision relates solely to the substantive determinations made by the Family Part as set forth in the orders addressed herein.  Our decision does not relate to those determinations reserved by the Family Part based upon a lack of jurisdiction.

A-5481-13T4